IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KEITH YEAGER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 05-0508-CV-W-RED-SSA ) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiff Keith Yeager ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* and his request for supplemental security income ("SSI") benefits under Title XVI of the Act, 42 U.S.C. § 1381, *et seq.* Plaintiff has exhausted all of his administrative remedies, and therefore, pursuant to sections 405(g) and 1383(c)(3), judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge ("ALJ").[1]

### I. Background

The complete facts and arguments are presented in the parties' briefs, and consequently will be duplicated here only to the extent necessary. Additionally, the ALJ's decision within the administrative record fully sets forth his findings and such will not be repeated herein in its entirety except to the extent necessary to address Plaintiff's arguments.

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

## II. Standard of Review

The Court's review is limited to determining whether the Commissioner applied the correct standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion. *See Warburton*, 188 F.3d at 1050. In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it. *See id.* The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result. *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999). This is true even if the Court might have weighed the evidence differently and reached a different result if a de novo review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment. *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975). The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability"

within the meaning of the Social Security Act.

The five steps are (1) whether the claimant is currently engaging in "substantial gainful activity;" (2) whether the claimant is severely impaired; (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law; (4) whether the claimant, with his current Residual Functional Capacity ("RFC") can meet the demands of his past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920 (2004); *Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287, 96 L. Ed. 2d 119 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that he or she is disabled. If the claimant is not able to perform his or her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

### III. Analysis

Plaintiff first argues that the ALJ's credibility finding was not supported by substantial evidence on the record as a whole. The burden of deciding questions of fact, including the credibility of a plaintiff's subjective testimony, rests with the Commissioner. *See Benskin v. Bowen*, 830 F.2d 878, 882 (8th Cir. 1987). Generally, the ALJ is in a better position than the Court to determine credibility. *Brown v. Chater*, 87 F.3d 963, 966 (8th Cir. 1996). When an ALJ assesses a claimant's subjective complaints, the claimant must prove, on the record as a whole,

that the disabling impairment results from a medically determinable physical or mental impairment. *See* 20 C.F.R. §§ 404.1529, 416.929 (2004). However, the claimant need not produce direct medical evidence of the cause and effect relationship between the impairment and the degree of the claimant's subjective complaints. *See Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). Accordingly, when making a disability determination, the adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them. *See id.* However, the adjudicator may discount the complaints by considering the claimant's prior work record and observations by third parties and physicians relating to such matters as: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the subjective infirmity; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of medication; and (5) functional restrictions. *See Melton v. Apfel*, 181 F.3d 939, 941 (8th Cir. 1999); *Polaski*, 739 F.2d at 1322.

In evaluating the *Polaski* factors, the Eighth Circuit has advised that the primary question is not whether the claimant actually experiences the subjective complaints alleged, but whether those symptoms are credible to the extent that they prevent the claimant from performing substantial gainful activity. *See Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998); *McGinnis v. Chater*, 74 F.3d 873, 874 (8th Cir. 1996); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993); *Pickner v. Sullivan*, 985 F.2d 401, 404 (8th Cir. 1993). An ALJ may discount a claimant's subjective complaints only if there are inconsistencies in the record as a whole.

In this case, the Court finds that the ALJ specifically discredited Plaintiff's testimony based on the factors set forth in *Polaski* and articulated his reasons for doing do. *Hogan v. Apfel*, 239 F.3d 958, 962 (8th Cir. 2001). As such, his credibility finding is entitled to deference. *Id.*

For instance, the ALJ noted that Plaintiff has "an inconsistent work history with fluctuating levels of reported income, suggesting that he has been out of the work force at times for reasons other than disability . . .". (Tr. 20)   Specifically, the evidence of record shows that Plaintiff had little or no income in four of the eight years proceeding his alleged onset of disability.  Such factors warrant against a finding of disability.  *Fredrickson v. Barhart*, 359 F.3d 972, 976 (8th Cir. 2004) (finding that Plaintiff's sporadic work record reflecting relatively low earnings and mulitple years with no reported earnings indicates a lack of motivation to work).

The ALJ next noted that Plaintiff's stated daily activities were inconsistent with his subjective complaints.  Plaintiff's stated activities as cited by the ALJ include household chores such as vacuuming and sweeping, working in the garage and driving his wife to and from work.  Such activities warrant against a finding of disability.  *See Barnett v. Barnhart*, 362 F.3d 1020, 1023 (8th Cir. 2004); *Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000).

The ALJ also discounted Plaintiff's subjective complaints based on the medical evidence of record. While it is true an ALJ may not reject a claimant's subjective complaints based solely on the objective medical evidence, the absence of an objective medical basis to support the degree of Plaintiff's subjective complaints is an important factor in evaluating the credibility of the claimant's testimony and complaints. *Russell v. Sullivan*, 950 F.2d 542, 545 (8th Cir. 1991); *Cruse v. Bowen*, 867 F.2d 1183, 1186 (8th Cir. 1989).  Here, the ALJ throughly reviewed Plaintiff's medical history and noted that several of Plaintiff's impairments, including diabetes and hypertension, where adequately controlled by treatment and/or medication.  *Hutton v. Apfel*, 175 F.3d 651, 655 (8th Cir. 1999) ("[i]mpairments that are controllable or amenable to treatment do not support a finding of total disability.") Other stated impairments, including depression,

-5-

were discounted because Plaintiff failed to follow a recommended course of treatment. *Guilliams v. Barnhart,* 393 F.3d 798, 802 (8th Cir. 2005).

In short, the Court is satisfied that the ALJ properly discounted Plaintiff's credibility under the factors set forth in *Polaski* and that these reasons were adequately set forth in the ALJ's opinion. Accordingly, Plaintiff is not entitled to relief on this point.

Plaintiff next argues that the ALJ erred by asking the Vocational Expert ("VE") a hypothetical question that did not fully set forth all of Plaintiff's impairments. Generally, a hypothetical question is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true by the ALJ. *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001). Here, the hypothetical question was sufficient because it closely tracked the ALJ's residual functional capacity ("RFC") determination, and therefore represented a valid assessment of Plaintiff's limitations as supported by the evidence in the record as a whole. Although Plaintiff argues that the hypothetical question did not take into account all of Plaintiff's alleged impairments, many of these impairments were not found to be credible by the ALJ, and therefore, did not need to be included in the hypothetical question. *See Long v. Chater,* 108 F.3d 185, 187 (8th Cir. 1997) Accordingly, because the VE answered a hypothetical question based on impairments the ALJ accepted as true, the testimony is considered substantial evidence supporting the Commissioner's decision. *Miller v. Shalala*, 8 F.3d 611, 613 (8th Cir. 1993).

### III. CONCLUSION

Upon review of the record, the Court finds that substantial evidence on the record as a whole supports the ALJ's findings in this case. Accordingly, it is hereby:

ORDERED that the decision of the ALJ is **AFFIRMED.**

**IT IS SO ORDERED**.

DATE: September 5, 2006         */s/ Richard E. Dorr*
                                RICHARD E. DORR, JUDGE
                                UNITED STATES DISTRICT COURT